**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LIFEVOXEL.AI INC. *et al.*, *Plaintiffs*, | |
| v. | No. 3:23-cv-1313 (JAM) |
| AMJAD M. KHAN *et al.*, *Defendants*. | |

**ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER**

Plaintiffs LifeVoxel.AI Inc., Kovey Kovalan, and Linh Le filed this lawsuit alleging, in part, claims of vexatious litigation related to an ongoing lawsuit in the United States District Court for the Southern District of California. The defendants responded by moving to dismiss this action, and the plaintiffs in turn have moved to transfer this action to the Southern District of California. Based on my review, I will grant the plaintiffs' motion to transfer this action and deny all other pending motions as moot without prejudice to renewal as allowed in the Southern District of California

**BACKGROUND**

On October 9, 2023, the plaintiffs filed this federal lawsuit, asserting claims of tortious interference, misappropriation of trade secrets, and vexatious litigation related to an ongoing lawsuit in the Southern District of California.[1] The defendants Amjad Khan, Ethan Brown, and Brown Neri Smith & Khan LLP (collectively, the "BNSK defendants"), defendants Lorium P.C., Adnan Shams, and Jennifer Gordon (collectively, the "Lorium defendants"), and defendants LifeVoxel Virginia SPV, LLC, Scott Marschall, Debra Gallo, Kevin Sinagra, and Scott Poole

---

[1] Doc. #1 at 1, 8 (¶ 54). AI Visualize Inc., while a plaintiff when this suit was initiated, has since voluntarily withdrawn its claims. Doc. #59.

(collectively, the "Investor defendants") separately moved to dismiss.[2] The BNSK defendants also moved to stay discovery pending the Court's ruling on their motion to dismiss.[3]

On April 29, 2024, the plaintiffs filed an amended complaint and moved to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a).[4] The BNSK defendants and the Investor defendants do not object to transfer.[5] The Lorium defendants have objected to transfer.[6] This ruling now follows.

## DISCUSSION

Federal law allows a district court to transfer a civil action to any other district where the action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The objectives of § 1404(a) are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).[7] "District courts have broad discretion in making determinations of convenience under Section 1404(a)," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006), but the burden is ultimately on the moving party to show by clear and convincing evidence a strong case for transfer. *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

In determining whether transfer is appropriate, a court should ask (1) whether the action "might have been brought" in the proposed transferee forum and, if so, (2) whether the transfer promotes convenience and justice. See *Huntley v. Sprout Foods, Inc.*, 2022 WL 138015, at *2 (D. Conn. 2022). The Lorium defendants argue that they are not subject to personal jurisdiction

---

[2] Docs. #39, #43, #44.
[3] Doc. #54.
[4] Docs. #59, #60.
[5] Docs. #65, #67.
[6] Doc. #66.
[7] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

in the Southern District of California, and therefore dismissal—not transfer—should follow.[8] But my role at this stage is not to ultimately resolve those arguments. Rather, I must determine if the "[p]laintiffs have made an *initial showing* that there may be jurisdiction" over the defendants in the Southern District of California. *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 734 (S.D.N.Y. 2003) (emphasis added).

I think the plaintiffs have satisfied this initial showing that there may be personal jurisdiction over the Lorium defendants in the Southern District of California. California's long-arm statute permits the "exercise [of] jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California." *Halyard Health, Inc. v. Kimberly-Clark Corp.*, 256 Cal. Rptr. 3d 915, 921 (Cal. Ct. App. 2019); *see* Cal. Civ. Proc. Code § 410.10. An out-of-state attorney's representation of a party in a California state or federal court has, in part, been found sufficient to confer personal jurisdiction over the attorney for a related action in California. *See Dillon v. Murphy & Hourihane, LLP*, 2014 WL 5409040, at *9 (N.D. Cal. 2014); *see also Rossco Holdings Inc. v. McConnell*, 2013 WL 12113409, at *6 (C.D. Cal. 2013) (noting that "actions that will suggest purposeful availment," and thus confer personal jurisdiction, include "appearing pro hac vice or as lead counsel in a matter in the forum state").

Here, the plaintiffs allege that the Lorium defendants represented the Investor defendants in a lawsuit filed in the Southern District of California.[9] And the present action arises, at least in part, from that lawsuit.[10] These facts are distinguishable from the cases on which the Lorium defendants rely.[11] Accordingly, at least for initial showing purposes, I find that this action could have been brought in the Southern District of California.

---

[8] *Id.* at 1–7.
[9] Doc. #58 at 9 (¶ 61).
[10] *Id.* at 16.
[11] *See* Doc. #77 at 4–6.

Moreover, I find, for substantially the same reasons stated by the plaintiffs, that, pursuant to § 1404(a), the interests of justice warrant transfer of this action to the Southern District of California.[12] To the extent that the Lorium defendants claim transfer is not in the interests of justice because it will harm their ability to raise a defense of personal jurisdiction in a new venue, I do not agree.[13] Rather, I am persuaded by other courts that have concluded that transfer does not waive a defendant's objection to personal jurisdiction. *See Ragner Tech. Corp. v. Berardi*, 287 F. Supp. 3d 541, 548–49 (D.N.J. 2018); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 632–33 (E.D. Va. 2010).

I am confident that the transferee court in the Southern District of California will be fully capable of entertaining any renewed motion to dismiss for lack of personal jurisdiction. And apart from the issue of whether this lawsuit might have been brought in the Southern District of California, I am otherwise convinced that transfer to the Southern District of California will promote convenience and justice in light of the balance of all the relevant factors that bear on this issue. *See Huntley*, 2022 WL 138015, at *2 (reviewing private and public interest factors).

## CONCLUSION

For the reasons set forth above, the Court GRANTS the plaintiffs' motion to transfer. Doc. #60. The Clerk of Court shall forthwith TRANSFER this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a). The Court DENIES as moot the pending motions to dismiss (Docs. #39, #43, #44) and motion to stay discovery (Doc. #54) without prejudice to renewal in the Southern District of California.

---

[12] *See* Doc. #60 at 4; Doc. #72 at 7–8.
[13] See Doc. #66 at 7–8.

It is so ordered.

Dated at New Haven this 29th day of July 2024.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge
